(1 App. Div. 138.)

### FRAZIER v. DEWEY et al.

(Supreme Court, Appellate Division, Third Department. February 5, 1896.)

EJECTMENT—PLEADING—MISJOINDER OF CAUSES OF ACTION.

    A complaint, in the first four paragraphs stated a cause of action in ejectment for three tracts of land, closing with an allegation of damages, exclusive of rents and profits, of $500. Paragraphs 5 and 6 alleged that defendants had conducted a specified business on such tracts, and received $1,500 in rents and profits. The prayer was for possession, for damages for withholding, including rents and profits, to the amount of $2,000, and for an account. *Held*, not a misjoinder of causes of action, under Code Civ. Proc. §§ 1496, 1497, which permit plaintiff in ejectment to insert a demand for damages for withholding property, and provide that such damages include the rents and profits, or the value of the use and occupation, where either can legally be recovered.

    Appeal from special term, ———— county.

    Action by Louis Frazier against Melvil Dewey and Jeremiah W. Jenks. From an interlocutory order sustaining a demurrer to the complaint on the ground that several causes of action were improperly united, plaintiff appeals. Reversed.

    The first part of the complaint, consisting of paragraphs numbered 1, 2, 3, 4, states a cause of action in ejectment for the recovery of three parcels of land, closing with an allegation of damage to the plaintiff, "as near as plaintiff can estimate the same, exclusive of the rents and profits heretofore received, or which may be received by the defendants, or either of them, during the pendency of this action, of five hundred dollars." Then follow paragraphs numbered 5 and 6. In paragraph 5 it is alleged: "That there is situated on the first and third described parcels a public boathouse and bowling alley; that the business carried on in and in connection with the boathouse and bowling alley has during the season of 1895 been profitable, and that the same has been conducted by the defendants, and that they have received the rents and profits of such business and that the same amounts to five hundred dollars." In paragraph 6 it is alleged: "That there is situated on the second described parcel of land an hotel or house of public entertainment, and that the business of the same was carried on by the defendants, and that the rents and profits of said business during the season of 1895, and down to the time of verification of the complaint, were $1,000, and that same were received by the defendants." The prayer of the complaint is: First. For the possession of the several parcels of land. Second. Damages for the withholding, including the rents and profits, and the value of the use and occupation, to the amount of $2,000. Third. That the defendants be required to account as to the rents and profits received by them from the several parcels of land, or any or either of them.

    Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

    C. M. Harwood (Sidney E. Maders, of counsel), for appellant.
    Hand, Kellogg & Hale (R. L. Hand, of counsel), for respondents.

    PER CURIAM. We do not think the demurrer well taken. The plaintiff, in framing his complaint in ejectment, is entitled to insert a demand for damages for withholding the property. Code Civ. Proc. § 1496. Section 1497 provides:

    "Those damages include the rents and profits or the value of the use and occupation of the property where either can legally be recovered by the plaintiff."

We think that the plaintiff did not, by paragraphs 5 and 6, set forth separate causes of action against the defendants for the recovery of the profits which they made in carrying on business upon the land in question, but that he thereby intended to specify the "profits" which he mistakenly supposed are referred to in section 1497, as included in the "damages" which he could rightfully demand under section 1496.

The interlocutory judgment is reversed, with costs, and the demurrer overruled, with costs, with leave to the defendants to withdraw demurrer, and answer in 20 days upon payment of costs.